**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
_____

**AMY LYNN MATTSON,**
                      **Plaintiff,**

v.                                                   **Case No. 14-cv-0166**

**AURORA HEALTH CARE,**
                      **Defendant.**
_____

## **DECISION AND ORDER**

Plaintiff Amy Lynn Mattson originally filed this FMLA case in February 2014 pro se. Magistrate Judge Gorence found that her initial complaint did not sufficiently state a claim and gave plaintiff until June 2014 to file an amended complaint. When she failed to do so, Judge Gorence dismissed the case without prejudice for failure to prosecute. In November, plaintiff filed a pro se motion to reopen the case, but did not provide sufficient reasons for granting such relief. Judge Gorence gave petitioner until December to file an amended complaint and to give sufficient reasons for reopening the case. Plaintiff then retained counsel, who filed a motion for relief from judgment and an amended complaint in December. Additionally, there is a motion for leave to proceed in forma pauperis pending.

Under Fed. R. Civ. P. 60(b), I may grant a party relief from judgment if the party can show mistake, inadvertence, surprise, or excusable neglect. A motion under Rule 60(b) must be made within a reasonable time. Fed. R. Civ. P. 60(c)(1). I conclude that plaintiff has shown sufficient evidence of excusable neglect to justify relief from judgment. According to plaintiff's motion and a letter from her psychiatrist, plaintiff has been suffering from psychotic symptoms, resulting in an inability to manage daily life. This resulted in court-ordered hospitalization in March 2014. Her psychiatrist, however, states that her

symptoms have now improved, and plaintiff has not retained counsel to assist her with this litigation. Plaintiff's motion was also filed within a reasonable time. Thus, I will grant plaintiff's motion for relief from judgment and reopen this case.

Ordinarily, a plaintiff must pay a filing fee of $400 to bring an action in federal court, which includes the $350 statutory filing fee and a $50 administrative fee. 28 U.S.C. § 1914(a). However, plaintiff has requested leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915.

Section 1915 is meant to ensure indigent litigants meaningful access to the federal courts, Nietzke v. Williams, 490 U.S. 319, 324 (1989), and applies to both nonprisoner plaintiffs and to plaintiffs who are incarcerated, Floyd v. United States Postal Serv., 105 F.3d 274, 275-77 (6th Cir. 1997) ("[T]he only logical interpretation of the statute is that non-prisoners have the option to proceed in forma pauperis under § 1915(a)."). Here, the heightened requirements of the Prison Litigation Reform Act do not apply. See West v. Macht, 986 F. Supp. 1141, (W.D. Wis. 1997). Under § 1915, an indigent party may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

Plaintiff has filed the required affidavits of indigence. Upon review of those affidavits, I am not satisfied that plaintiff meets the poverty requirements of 28 U.S.C. § 1915. Plaintiff claims to have earned an average of $6,312.27 per month in the past 12 months, including $2,234.41 in retirement income. However, I suspect that plaintiff may have misread the question, because she also predicts only $40 in retirement income in the next month. Thus,

I will deny plaintiff's motion to proceed in forma pauperis but give plaintiff 14 days from the date of this order to either submit a revised motion or to pay the filing fee.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that plaintiff's motion for relief from judgment (ECF No. 21) is **GRANTED** and the case is **REOPENED**. The Clerk shall file plaintiff's amended complaint (ECF No. 21-1).

**IT IS FURTHER ORDERED** that plaintiff's motion to reopen (ECF No. 13) is **DENIED** as MOOT.

**IT IS FURTHER ORDERED** that plaintiff's request to proceed in forma pauperis (ECF No. 17) is **DENIED**. Plaintiff shall have 14 days from the date of this order to either submit a revised petition and affidavit to proceed in forma pauperis or to pay the filing fee.

Dated at Milwaukee, Wisconsin, this 26th day of February, 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge